**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| WILLIAM SCHWARZ, | No. C 13-00977 LB |
| Plaintiff, | |
| v. | **ORDER RE DISCOVERY DISPUTE** |
| UFCW-NORTHERN CALIFORNIA EMPLOYERS JOINT PENSION PLAN, | [Re: ECF No. 21] |
| Defendant. | |
| _____/ | |

**INTRODUCTION**

Plaintiff William Schwarz claims that he is entitled to disability benefits under Defendant's pension plan. He became disabled in September 2011, claimed benefits in December 2011, and was denied benefits on the ground that Defendants had amended the plan to provide that its disability retirement benefit would no longer be available to participants who were not already in pay status as of December 1, 2011. *See* 5/31/13 Joint Case Management Conference Statement, ECF No. 13 at 2-3. Plaintiff wants discovery about whether plan participants (including Plaintiff) received notice of the benefits change, and Defendant resists discovery on the ground that when plan administrators have discretion regarding the award of benefits, a review of the plan administrator's discretionary decision is limited to a review of the administrative record, and discovery would be pointless

ORDER
C13-00977 LB

because notice was sent to over 52,000 plan participants. Joint Letter Brief, ECF No. 21 at 2-3. The court held a hearing on September 26, 2013 and orders the following discovery.

## STATEMENT

Defendants say that they sent the following notices to plan participants: (1) April 2010 notice that the plan was in critical status, federal law required the plan to adopt a rehabilitation plan, and benefits might be reduced or eliminated; (2) April 2011 notice that the plan's actuaries had certified that the plan was in critical status, a rehabilitation plan had been adopted, and adjustable benefits (including disability retirement benefits for those not in pay status) might be reduced or eliminated for participants whose commencement date was on or after January 1, 2012; and (3) October 2011 and November 2011 notices to participants and beneficiaries (including Plaintiff) (a) reminding them that they had been previously notified that the plan was in critical status and benefits might be reduced or limited as part of the rehabilitation plan that the plan's trustees were required by law to adopt and (b) advising them of the change in disability benefits. 5/31/13 Joint CMC Statement, ECF No. 13 at 3. The notice had the following in bold print: "Effective January 1, 2012, the Plan's Disability Retirement Benefit will no longer be available to Participants who are not already in pay status and receiving a Disability Retirement Benefit from the Fund as of December 1, 2011." *Id.* The notice told participants that they would be eligible to receive a Disability Retirement Benefit if they had received a favorable decision from the Social Security Administration by November 30, 2011, their date of entitlement to Social Security Disability Benefits was no later than December 1, 2011 and their pension application was submitted by November 30, 2011 in addition to meeting the other disability requirements. *Id.* According to Defendant, the "Trustees exercised their discretion to continue Disability Retirement Benefits for certain participants and beneficiaries who were already receiving the benefits." *Id.*

According to the parties' joint CMC statement, the fact issue is whether the notices sent in October 2011 and November 2011 were in fact sent. *Id.* at 4. The legal issue is whether the notices are legally sufficient to terminate the disability plan for participants (including Plaintiff) who were disabled as of October and November 2011. *Id.*

ORDER
C13-00977 LB 2

**ANALYSIS**

**I. PROCEDURAL BAR**

Defendant argues that Plaintiff raised the issue too late because fact discovery closed on September 1, 2013. Joint Letter Brief, ECF No. 21 at 2. That does not bar the discovery. First, at the parties' request, the court set expedited dates because of the nature of the case and the scope of the court's review in ERISA abuse-of-discretion cases (and the corresponding lack of discovery generally). Second, the issue was raised along the way in case management statements, and the court directed and anticipated the raising of the issue in the joint letter brief.

**II. NOTICE AND WHETHER DISCOVERY IS FUTILE**

Plaintiff asserts that there is no evidence in the administrative record that notice was sent in October and November 2011. *Id.* 29 U.S.C. § 1085(e)(8)(A)(I) and (C) require notice to plan participants at least 30 days before the effective date of the reduction.

Defendant responds that the Trustee considered Plaintiff's contention that he did not receive notice and denied Plaintiff's appeal. Joint Letter Brief, ECF No. 21 at 2. Defendant says too that absent a conflict of interest or procedural irregularities that are the equivalent of a failure to exercise discretion at all or that prevent the full development of the administrative record, discovery is limited to the administrative record. *Id.* at 3-4 (citing *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970, 873 (9th Cir. 2006); *Goodes v. Pacific Gas & Elec. Co.*, No. C 12-1667 SI, 2013 WL 1092916, at *1-2 (N.D. Cal. Mar. 15, 2013). Plaintiff does not allege a conflict, the alleged procedural irregularity was considered and rejected by the Trustee, and ordinarily the procedural irregularity exception is applied to allow plaintiffs to supplement the record with information in their possession. *Id.* at 4. Defendant also takes a different perspective about the effect of a failure to send notice as of October 2011. *Id.* at 5 n.2.

At the hearing, the parties discussed a solution: providing a custodial declaration by a person with actual knowledge about the notice process. That process might include two declarations given that the mailing apparently was outsourced to a contractor. This process is designed to illuminate what the business records show about notice to Plaintiffs. Defendant's counsel agreed that two weeks from today's date was the reasonable time to accomplish this. The court's view is that this

will be enough but will allow Mr. Ware to raise with defense counsel any issues with the declarations within 7 days after receipt of the declarations and any underlying business record. The parties then have 7 days after that to file any further joint letter brief with the court.

## CONCLUSION

This disposes of ECF No. 21.

Dated: September 26, 2013

_____
LAUREL BEELER
United States Magistrate Judge

ORDER
C13-00977 LB                                    4